Jalloh v. Holder

BIA
Bukszpan, IJ
A078 736 544

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of April, two thousand fifteen.

PRESENT:
>  DENNIS JACOBS,
>  DEBRA ANN LIVINGSTON,
>  SUSAN L. CARNEY,
>    *Circuit Judges.*

_____

ALIEU JALLOH,
>    *Petitioner,*

>  v.                              13-682
>                                  NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>    *Respondent.*

_____

FOR PETITIONER:     Amy Nussbaum Gell, Gell & Gell, New York, NY.

FOR RESPONDENT:     Stuart F. Delery, Assistant Attorney General; Douglas E. Ginsburg, Assistant Director; Andrew B. Insenga, Trial Attorney, Office of

**Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Alieu Jalloh, an alleged native and citizen of Sierra Leone, seeks review of a January 29, 2013 order of the BIA, affirming the September 29, 2010 decision of an Immigration Judge ("IJ"), which denied asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Alieu Jalloh*, No. A078 736 544 (B.I.A. Jan. 29, 2013), *aff'g* No. A078 736 544 (Immig. Ct. New York City Sep. 29, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009); *Secaida-Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003), *overruled with respect to REAL*

*ID Act cases by Xiu Xia Lin v. Mukasey*, 534 F.3d 162 (2d Cir. 2008).

Because Jalloh filed his application in 2000, the REAL ID Act does not apply in this case. *See* REAL ID Act of 2005, Div. B of Pub. L. No. 109-13, 119 Stat. 302, 303 (2005) (codified at 8 U.S.C. § 1158(b)(1)(B)(iii)); *Matter of S-B-*, 24 I. & N. Dec. 42, 45 (B.I.A. 2006). In pre-REAL ID Act cases, an adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding, and any discrepancy must be "substantial" when measured against the record as a whole. *See Secaida-Rosales*, 331 F.3d at 307. The agency does not err in basing an adverse credibility determination on the submission of fraudulent identity documents. *See Borovikova v. U.S. Dep't of Justice*, 435 F.3d 151, 157-58 (2d Cir. 2006); *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007).

It may be that the IJ should have explicitly found that he knew that his passport and ID card were fraudulent, but Jalloh failed to exhaust this challenge on appeal before the BIA. Instead he argued to the BIA that the IJ ignored evidence that the documents were valid. The statute requires that petitioners exhaust each category of relief

they seek. 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006). Petitioners must raise specific issues with the BIA before raising them here. *See Foster v. INS*, 376 F.3d 75, 77-78 (2d Cir. 2004). Issue exhaustion is mandatory: "If[, as here,] the government points out to the appeals court that an issue relied on before that court by a petitioner was not properly raised below, the court must decline to consider that issue, except in [] extraordinary situations." *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1 (2d Cir. 2007).

We decline to consider Jalloh's unexhausted challenge to the IJ's failure to explicitly find that he knew his passport and ID card were fake. As a result, Jalloh is unable to rely on any such defect in the credibility determination. *See Borovikova*, 435 F.3d at 157-58 (explaining that the fraudulent document alone could support an adverse credibility determination); *Siewe*, 480 F.3d at 170.

The adverse credibility determination was further supported by findings that Jalloh's testimony about where he lived in Sierra Leone was "exceptionally vague" and that his lack of knowledge about post-war events in Sierra Leone was

4

implausible. He does not challenge those findings. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n.1 (2d Cir. 2005) ("'Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.'" (quoting *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998))).

We conclude that the adverse credibility determination is properly based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida-Rosales*, 331 F.3d at 307. The credibility determination is dispositive of his claims for asylum, withholding of removal, and CAT relief, as all claims share the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang*, 426 F.3d at 523.

Lastly, Jalloh contents that the agency failed to properly weigh all of the evidence. The contention is misplaced because the weight accorded to evidence lies largely within the discretion of the agency. *See Xiao Ji Chen v. US Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006). Moreover, the agency explicitly referenced the evidence on the record, observed that it had no way of ascertaining the identity of anyone abroad who was proffering the evidence, and found that the evidence did not

5

rebut the findings of the Forensic Document Laboratory report regarding the fraudulent passport and ID card. The record therefore does not suggest that any evidence was ignored. *Id.* at 337 n.17 (presuming that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk